Honorable William R. Moore Tom Green County Attorney 112 W. Beauregard San Angelo, Texas 76903
Re: Applicability of certain statutes to the actions of a local salary grievance committee (RQ-1574)
Dear Mr. Moore:
You ask whether a county salary grievance committee may meet without the county judge, and if so, may the committee deliberate and vote in closed session.
It appears that your questions are prompted by a grievance committee hearing concerning the equalization of a constable's compensation in the county. Information furnished by you reflects that the county judge directed a commissioner to chair the hearing in his absence. You further state that after the hearing the committee held a closed session to deliberate and vote. The presiding county commissioner participated in the closed session, but left before the vote was taken by the committee.
Section 152.014 of the Local Government Code provides for the composition of the salary grievance committee. Section 152.014 states:
 (a) In each county there is a salary grievance committee composed of the county judge and:
 (1) the sheriff, county tax assessor-collector, county treasurer, county clerk, district clerk, county attorney or criminal district attorney, and the number of public members necessary to provide nine voting members; or
 (2) nine public members, if the commissioners court votes on the second Monday in January each year to have nine public members.
 (b) The county judge is chairman of the committee, but is not entitled to vote.
(c) Public members must be residents of the county.
While no statutory provision is made for appointment of a chairman of the committee in his absence, no reason is perceived why a commissioner serving solely in the capacity of a non-voting chairman of the committee by appointment of the county judge would invalidate any action taken by the committee that was regular in all other respects.
You also ask whether the deliberations and vote by the committee in closed session renders its action invalid.
In Attorney General Opinion H-1281 (1978) it was concluded that a salary grievance committee is a `governmental body' under article 6252-17, V.T.C.S., and is required to comply with the requirements of the Open Meetings Act. All `meetings' held by `governmental bodies' must be open to the public unless an executive session is expressly permitted. V.T.C.S. art. 6252-17, § 2(a). Cox Enterprises, Inc. v. Board of Trustees of the Austin Indep. School Dist., 706 S.W.2d 956, 958 (Tex. 1986). Also, even if an executive session is authorized, no votes may be taken in executive session. The deliberations and vote of a governmental body come within the definition of a `meeting' as that term is defined in section 1(a) of article 6252-17. Section 2(1) of the Open Meetings Act requires that all final actions, decisions, or votes be made in open meetings. Cox Enterprises,706 S.W.2d at 958.
You do not suggest that the `meeting' you have described comes within any exception to the act. But see art. 6252-17, § 2(g); cf. Attorney General Opinion H-496 (1975). Section 3(a), provides that any action taken by a `governmental body' in violation of this act is voidable. Whether a particular action should be invalidated must be decided in district court, and cannot be decided as a matter of law in an opinion of the attorney general. See Attorney General Opinion JM-985 (1988).
 SUMMARY
The action taken by a salary grievance committee with a non-voting commissioner presiding by designation of an absent county judge is not invalid because of his absence. The deliberations and vote of the salary grievance committee in closed session is in violation of article 6252-17, V.T.C.S., and any action taken at the meeting is voidable.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Tom G. Davis Assistant Attorney General